IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Bobby Joseph Clifton Thompson, # 1318,<br><br>                Plaintiff,<br><br>vs.<br><br>Pickens County Jail, LEC,<br><br>                Defendant. | Civil Action No. 6:15-2058-MBS-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

        The plaintiff is a pre-trial detainee at the Greenville County Detention Center. In the above-captioned case, the plaintiff has brought suit against the Pickens County Jail. On page two of the complaint, the plaintiff indicates that this case concerns medical malpractice, unfair treatment, and denial of needed medical treatment (doc. 1 at 2).

        The "STATEMENT OF CLAIM" portion of the complaint reveals that this civil rights action arises out of the plaintiff's medical treatment for a small bump, which grew to the size of a softball. The plaintiff alleges that while at the Pickens County Jail, he "got" a small bump on the back of his neck. He signed up for medical and was seen by a nurse three days later. The nurse told the plaintiff it was "nothing" and told him to use antibiotic cream and a band-aid. Although he followed her instructions, the bump grew to the size of a softball. The plaintiff claims he tried to the see the nurse, but she told him she did not have time. He had pain, could not move his neck, and thought he had a staph infection, but was told that he had an "infected hair. Eventually the plaintiff was seen by another nurse, who mashed on the bump and concluded "that should do it" (doc. 1 at 3). The plaintiff claims this made the bump swell more and increased his pain. He states "this went

on for about a week," and he did not receive pain medications or antibiotics (*id*. at 3–4). The plaintiff was examined by another nurse, who said "wow," and pictures were taken of the infected area, which was about the size of a dime. The plaintiff still has pain in that area and has "stressed [him]self out every time" he gets a bump. The plaintiff states there are witnesses to the his lack of medical treatment (*id*.). In his prayer for relief, the plaintiff seeks "some kind of money" for his pain and suffering and "some kind of justice from the Pickens County Jail" (*id*. at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Pickens County Jail is subject to summary dismissal because it is not a "person" subject to suit under Section 1983. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Pickens County Jail is not a "person" subject to suit under 42 U.S.C. § 1983. *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (collecting cases). Therefore, the Pickens County Jail is entitled to summary dismissal as a party defendant.

On page two of the complaint, the plaintiff also lists the "Medical Staff" of the Pickens County Jail as a defendant (doc. 1 at 2). The "Medical Staff" is not a proper

defendant in a Section 1983 action. *Brownlee v. Williams*, Civil Action No. 2:07-0078-DCN-RSC, 2007 WL 904800, at *2 (D.S.C., March 22, 2007) ("Additionally, use of the term 'staff' or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. Therefore, Medical Dept. Staff Nurses is not a proper defendant under section 1983 and the complaint against this defendant should be dismissed.")(citation omitted).

With respect to medical care, a prisoner in a § 1983 case or *Bivens* action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105; *cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986) (a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities).

The decision of the Supreme Court of the United States in *Farmer v. Brennan*, 511 U.S. 825 (1994), does not require that process be issued in the above-captioned case because the allegations in the complaint concern medical malpractice or a prolonged disagreement between the plaintiff and the "Medical Staff" with respect to the proper course of treatment. Negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 (1986); and *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989). Similarly, medical malpractice is not

actionable under 42 U.S.C. § 1983.  *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

        Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

May 21, 2015  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).