IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Joseph Clifton Thompson, ) | |
| ) C/A No. 6:15-2058-MBS | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) **ORDER AND OPINION** | |
| Pickens County Jail (L.E.C.), ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Bobby Joseph Clifton Thompson currently is confined at the Greenville County Detention Center in Greenville, South Carolina. On May 19, 2015, Plaintiff, proceeding pro se and in forma pauperis, filed a complaint asserting that he had been denied adequate medical treatment while detained at the Pickens County Jail in Pickens, South Carolina. Specifically, Plaintiff alleges that he had a bump on the back of his neck that became painful. Plaintiff was seen by a nurse, who provided Plaintiff with antibiotic cream and a band-aid. Plaintiff alleges that the bump swelled to the size of a softball. Plaintiff alleges that the bump was very painful, gave him a headache, and he was unable to sleep. Plaintiff alleges that he again was seen by a nurse, who "mashed" the bump, which released pus. Plaintiff states that the bump swelled again and continued to hurt. According to Plaintiff, after a week he was again seen by a nurse who "mashed" the bump and released pus. Plaintiff contends as a result he was left with a scar and that he still has pain in the area. He seeks damages for pain and suffering.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915, 28 U.S.C. 1915A, and the

Prison Litigation Reform Act. The Magistrate Judge issued a Report of Magistrate Judge on May 21, 2015, wherein the Magistrate Judge determined that Defendant Pickens County Jail is not a "person" subject to suit under § 1983. The Magistrate Judge also observed that Plaintiff listed "Medical Staff" in the body of the complaint as Defendant. Citing Brownlee v. Williams, C/A No. 2:07-0078DCN RSC, 2007 WL 904800 (D.S.C. March 22, 2007), the Magistrate Judge determined that "Medical Staff" is not a proper Defendant without naming specific staff members.

The Magistrate Judge further determined that the allegations in the complaint concern medical malpractice or a disagreement between Plaintiff and the "Medical Staff" with respect to the proper course of treatment. The Magistrate Judge noted that negligence is not actionable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1975) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Rather, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983. Id. at 104. Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed. Plaintiff filed objections to the Report of Magistrate Judge on May 29, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

DISCUSSION

Plaintiff contends in his objections to the Report of Magistrate Judge that his life was put in danger, that protocol was not followed, and that he should have been prescribed medications for the infected bump on his neck. However, as the Magistrate Judge properly noted, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs in order to prevail on a claim of medical mistreatment under § 1983. Adams v. Sw. Va. Reg'l Jail Auth., 424 F. App'x 899, 900 (4th Cir. 2013) (citing Estelle, 429 U.S. at 106). First, the prisoner must show objectively that the deprivation suffered or the injury inflicted was serious. Id. (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Second, the prisoner must show deliberate indifference by prison officials. Id. This entails something more than mere negligence but does not require actual purposeful intent. Id. (quoting Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997)). Negligence or medical malpractice is insufficient to establish deliberate indifference; rather, the treating official must entirely fail to consider the inmate's medical complaints or intentionally delay or deny access to adequate medical care. Coleman v. Poff, 497 F. App'x 337, 339 (4th Cir. 2012) (citing Estelle, 429 U.S. at 106). Mere disagreement with the course of treatment provided by treating officials also falls short of a valid claim. Id. (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)).

Assuming for purposes of discussion only that Plaintiff demonstrated a serious medical need, Plaintiff cannot show any of the Medical Staff actually knew of and disregarded the risk posed by his medical condition. Rather, Plaintiff contends that he should have received different treatment, such as prescription antibiotics and pain medication. Plaintiff's claims do not rise to the level of a constitutional deprivation, but allege mere negligence on the part of the nurses who examined him.

Plaintiff's objections are without merit.

CONCLUSION

The court adopts the Report of Magistrate Judge and incorporates it herein by reference. For the reasons stated herein and in the Report of Magistrate Judge, Plaintiff's complaint is summarily dismissed, without prejudice and without service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 18, 2015

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**